# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RALPH ABREU, | : |
|    Plaintiff, | : |
| | :    CIVIL ACTION NO. 1:19-CV-20 |
| v. | : |
| | :    Judge Sylvia H. Rambo |
| SUPERINTENDENT | : |
| TAMMY FERGUSON, *et al.*, | : |
|    Defendants. | : |

## ORDER

Before the Court for disposition is Magistrate Judge Martin C. Carlson's Report and Recommendation (ECF No. 14), which recommends dismissing Plaintiff Ralph Abreu's Complaint with prejudice as to Defendants Superintendent Ferguson and Secretary John Wetzel and striking Abreu's claim for a specified sum of unliquidated damages from the Complaint. Objections to the Report and Recommendation were due by February 11, 2019, but no such objections have been filed.

In considering whether to adopt the Report and Recommendation, the Court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; *see also Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F. Supp. 2d 465, 469 (M.D. Pa. 2010) (explaining that judges should review dispositive legal issues raised by the report for clear error). Following an

independent review of the record, the Court notes that portions of the Report and Recommendation are contradictory.  In Section II.D, Magistrate Judge Carlson recommends dismissing Abreu's Complaint as to Defendants Ferguson and Wetzel without prejudice to his right to "promptly file an amended complaint setting forth his individual claims supported by well-pleaded facts that would establish a claim for supervisory liability under federal civil rights statutes."  (Doc. No. 14 at 13.)  However, as noted above, in Section III, Magistrate Judge Carlson recommends dismissing the Complaint with prejudice as to Defendants Ferguson and Wetzel with prejudice.

The Court recognizes that *pro se* plaintiffs should be afforded an opportunity to amend before a complaint is entirely dismissed, *see Fletcher-Hardee Corp. v. Pote Concrete Contractors*, 482 F.3d 247, 253 (3d Cir. 2007), unless granting leave to amend would be futile or result in undue delay, *see Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004).  In light of Abreu's *pro se* status, the Court will provide him an opportunity to amend his Complaint to set forth cognizable supervisory liability claims against Defendants Ferguson and Wetzel.  If Abreu does not file an amended complaint, the Court will direct service of his Complaint on the remaining Defendants.  Accordingly, **IT IS HEREBY ORDERED THAT**:

1. The Report and Recommendation (ECF No. 14) is **ADOPTED IN PART** and **REJECTED IN PART**, as follows:

a. The Report and Recommendation is **ADOPTED** to the extent it recommends dismissing Abreu's claims against Defendants Ferguson and Wetzel without prejudice to Abreu's right to file an amended complaint. The Report and Recommendation is also **ADOPTED** to the extent it recommends striking Abreu's claim for a specified sum of unliquidated damages from the Complaint;

b. The Report and Recommendation is **REJECTED** to the extent it recommends dismissing Abreu's claims against Defendants Ferguson and Wetzel with prejudice;

2. Within thirty (30) days from the date of this Order, Abreu may file an amended complaint, consistent with the background of this Order and Magistrate Judge Carlson's Report and Recommendation.

3. The Court will defer service of the original Complaint on the remaining Defendants for thirty (30) days. If Abreu elects to file an amended complaint, it will supersede the original Complaint and must be complete in all respects without reference to the original Complaint. If Abreu fails to file an amended complaint within thirty (30) days of the date hereof, the Court will direct service of the original Complaint on the remaining Defendants.

s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated: March 26, 2019